is the subject of this action. Assignment to the Tampa Division is appropriate pursuant to Rule 1.02 of the Local Rules of the United States District Court, Middle District of Florida, because it is the county having the greatest nexus with the action, with due regard to the where the cause of action accrued and the situs of the subject property.

4. Plaintiff, KELLY SUNDAY, resides in Pinellas County, Florida, is *sui juris* and qualifies as an individual with disabilities as defined by the ADA. Plaintiff, as a result of advanced Parkinson's Disease, is unable to engage in the major life activity of walking more than a few steps or standing without assistive devices. Instead, Plaintiff is bound to ambulate with a cane, Rollator, wheelchair, or other support and has limited use of her hands. She is unable to tightly grasp or pinch, or twist her wrist to operate turning door hardware or spigots. When ambulating beyond the comfort of her own home, Plaintiff must primarily rely on a wheelchair, Rollator, or cane. Plaintiff requires accessible handicap parking spaces located closest to the entrances of a facility. The handicap and access aisles must be of sufficient width so that she can embark and disembark to and from her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or cane, or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them or use them as support while writing or using card devises. She has difficulty operating turning door knobs, sink faucets, locks or other operating mechanisms that require tight grasping,

    twisting of the wrist or pinching. Sinks that have unwrapped pipes pose a danger of scraping or burning her legs. She requires grab bars both behind and beside a commode so that she can safely transfer to and from the seat, and she has difficulty reaching the flush control if it is on the incorrect side. She requires coat/purse hooks to be low enough to use from her mobility assisting device. Toilet paper and towel dispensers must be placed properly within reach when utilizing her mobility device. Mirrors must be positioned properly to enable Plaintiff to utilize same when using her mobility device. She cannot pass doorways that lack the proper clearance.

5. Plaintiff is a consumer who frequents businesses in the Tampa Bay Area.

6. When she travels throughout the Tampa Bay area, Plaintiff has and will continue to avail herself of public accommodations. Plaintiff's attorneys, friends and medical providers are located in the Tampa Bay area which she frequents often and on a constant basis.

7. Plaintiff is an advocate of the rights of similarly situated disabled persons and is otherwise a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

8. According to the Property Appraiser Record, Defendant WIEKER FAMILY INVESTMENTS, LP, a Foreign limited partnership ("Defendant") owns real estate located at 7500 Ulmerton Road, #31, Largo FL 33771, upon which a place of public accommodation, as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104 operates.

9. According to the Property Appraiser Record, Defendant CANADIAN EASTERN CORPORATION, LIMITED, a Foreign corporation ("Defendant") owns real estate located at 7500 Ulmerton Road, #31, Largo FL 33771, upon which a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104 operates.

10. According to the Property Appraiser Record, Defendant NORMAN R. CLARK EST ("Defendant") owns real estate located at 7500 Ulmerton Road, #31, Largo FL 33771, upon which a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104 operates.

11. According to the Property Appraiser Record, NICOLA ROCCO, ("Defendant") now deceased, appears on the deed and owns real estate located at 7500 Ulmerton Road, #31, Largo FL 33771, upon which a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104 operates.

12. Defendant RLM RECREATION, INC. a Florida Profit Corporation, ("Defendant") owns the fictitious name "Sneaky's Sports Bar & Grill" which business is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.201(a) located at 7500 Ulmerton Road, #31, Largo FL 33771.

13. Defendant WIEKER FAMILY INVESTMENTS, LP, a Foreign limited partnership, conducts and transacts business under the laws of the state of Florida, and otherwise operates within the jurisdiction of this Court. Defendant is the owner, lessee, lessor or operator of commercial property and improvements, which is a place of public

accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104, commonly known as SNEAKY'S SPORTS BAR & GRILL, located at 7500 Ulmerton Road, #31, Largo, FL 33771 (hereinafter "Restaurant").

14. Defendant CANADIAN EASTERN CORPORATION, LIMITED, a Foreign corporation, conducts and transacts business under the laws of the state of Florida, and otherwise operates within the jurisdiction of this Court. Defendant is the owner, lessee, lessor or operator of commercial property and improvements, which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104, commonly known as SNEAKY'S SPORTS BAR & GRILL, located at 7500 Ulmerton Road, #31, Largo, FL 33771 (hereinafter "Restaurant").

15. Defendant NORMAN R. CLARK EST, conducts and transacts business under the laws of the state of Florida, and otherwise operates within the jurisdiction of this Court. Defendant is the owner, lessee, lessor or operator of commercial property and improvements, which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104, commonly known as SNEAKY'S SPORTS BAR & GRILL, located at 7500 Ulmerton Road, #31, Largo, FL 33771 (hereinafter "Restaurant").

16. NICOLA ROCCO, now deceased, appears on the deed that owns commercial property and improvements, which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and

36.104, commonly known as SNEAKY'S SPORTS BAR & GRILL, located at 7500 Ulmerton Road, #31, Largo, FL 33771 (hereinafter "Restaurant").

17. Defendant RLM RECREATION, INC. a Florida Profit Corporation, ("Defendant") owns the fictitious name "Sneaky's Sports Bar & Grill" conducts and transacts business under the laws of the state of Florida, and otherwise operates within the jurisdiction of this Court. Defendant is the owner, lessee, lessor, or operator of commercial property and improvements, which business is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.201(a) commonly known as Sneaky's Sports Bar & Grill located at 7500 Ulmerton Road, #31, Largo FL 33771 hereinafter "Restaurant."

18. Unknown Defendant # 1 d/b/a SNEAKY'S SPORTS BAR & GRILL ("Defendant") conducts and transacts business under the laws of the state of Florida, and otherwise operates within the jurisdiction of this Court. Defendant is the owner, lessee, lessor or operator of commercial property and improvements, which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104, commonly known as commonly known as Sneaky's Sports Bar & Grill located at 7500 Ulmerton Road, #31, Largo FL 33771, hereinafter "Restaurant".

19. Defendants WIEKER FAMILY INVESTMENTS, LP, CANADIAN EASTERN CORPORATION, LIMITED, NORMAN R. CLARK EST, NICOLA ROCCO, now deceased, RLM RECREATION, INC., dba Sneaky's Sports Bar & Grill and Unknown Defendant # 1 are jointly and severally liable.

20. Plaintiff has retained undersigned counsel and law firm to commence and prosecute this action to stop marginalization of disabled or qualified disabled persons committed by Defendant under the ADA. Pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505, Plaintiff is entitled to immediate temporary and permanent injunctive relief to prevent the present, continued, and future discrimination and discriminatory practices so evidenced by Defendants and the Restaurant as further described hereinafter, reasonable attorney's fees, costs and litigation expenses.

## BACKGROUND

21. Defendants' Restaurant is a place of public accommodation as defined by the ADA because it is, or is part of, a place of exhibition, entertainment, sales, rental, or eating establishment. The Restaurant allows the general public access to partake of food and beverages. As such, the subject Restaurant is a sales establishment, which is a place of public accommodation pursuant to 42 U.S.C. §12181 and must comply with the ADA. This means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public and the Defendants have subjected themselves to the ADA.

22. In addition to Title III's prohibition of denial-of-participation, no public accommodations may "afford an individual or class of individuals, on the basis of disability … directly, or through contractual licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

23. The broad mandate of the ADA is to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to restaurants, such as the Defendants' establishment.

24. The ADA is the industry standard adopted by major companies and governmental agencies to ensure their establishments are accessible to disabled persons; the guidelines are readily achievable. These guidelines are readily available via the internet so that a business designing an establishment can easily access the standards and provide several basic components to incorporate into the Restaurant so that persons with disability may have accessibility.

25. Pursuant to Title III, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operated a place of public accommodation." 42 U.S.C. § 12182(a).

26. Public accommodations are prohibited from subjecting "an individual or class of individuals on the basis of a disability … directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

27. Defendants are obligated to comply with 42. U.S.C. § 12182(b)(2)(A)(ii), which defines discrimination as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods,

services, facilities, privileges, advantages, or accommodations to individuals with disabilities[.]"

28. Separate is not equal and discrimination includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services[.]" 42 U.S.C. § 12182(b)(2)(A)(iii). Defendants' disparate treatment of persons who are not disabled or not qualified disabled, from persons who are disabled or qualified disabled, violate Federal law, and such discrimination must cease.

## COUNT I – INJUNCTIVE RELIEF

29. Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

30. Defendants own and operate, either itself or through third parties, a Restaurant open to the general public. The Restaurant allows members of the public to partake of the goods, services, features, facilities, benefits, advantages, amenities and accommodations of the Restaurant.

31. Defendants failed to comply with ADA criteria in violation of general prohibition against discrimination for individuals with disabilities and the specific requirement(s) concerning public accommodations including, but not limited to the following (Plaintiff anticipates additional ADA violations, including but not limited to violations present in the men's restroom(s), will be disclosed during the discovery process):

a)   no compliant seating at the bar area, thus preventing Plaintiff from utilizing the full amenities while utilizing her mobility devices;

b) door knob on main bathroom door requires twisting and turning to operate. Plaintiff has advanced Parkinson's Disease which prevents her from gripping or twisting the door knob, thus impairing her ability to utilize the bathroom;

c) handicapped accessible bathroom stall is missing grab bars, thus preventing Plaintiff from transferring to and from the toilet seat;

d) commode is too low, thus preventing Plaintiff from transferring to and from the toilet seat when utilizing her mobility device;

e) sink spigots in restroom require gripping, twisting, and turning, which Plaintiff cannot grasp or grip the spigots due to the limited use of her hands;

f) main sink blocked by a vanity, thus blocking access to the sink when utilizing her mobility devices;

g) the bathroom is a single person stall, thereby requiring Plaintiff to twist or pinch doorknob to lock; Plaintiff's advanced Parkinson's Disease severely limits the use of her hands, thus preventing her from closing the door properly.

h) the bathroom mirror is too high for Plaintiff to use when she is utilizing her mobility devices;

i) bathroom is too small to accommodate Plaintiff's wheelchair;

j) hallway leading to restrooms is too narrow to accommodate Plaintiff's wheelchair;

k) no ADA signage directing Plaintiff to accessible features in the restaurant;

l) insufficient number of ADA accessible parking spaces, thus limiting Plaintiff's ability to park;

m) sign purporting to reserve the space for ADA patrons is broken and lacks the proper verbiage, thus preventing Plaintiff from utilizing the space;

n)  no marked ADA access route from public right of way to the restaurant which endangers Plaintiff when traversing through parking lot;

o)  ADA spaces are not painted or clearly marked; non-complaint spaces are not reserved for disabled patrons such as Plaintiff, thus depriving of the ability to park as intended;

p)  surface of parking lot is rough with loose gravel and pits, creating a slipping, tripping, or falling hazard for Plaintiff.

32. On or about January 20, 24, and 27, 2020, Plaintiff patronized the Defendants' Restaurant and encountered the above listed barriers, which impeded her ability to enjoy and partake of the amenities in the same manner as an able-bodied person. See attached Composite Exhibit "A".

33. Plaintiff encountered barriers with Defendants' Restaurant in violation of the ADA as set forth above, which inhibited Plaintiff from patronizing Defendants' establishment and has otherwise deterred Plaintiff from being able to use and enjoy Defendants' public accommodations in the same manner as non-disabled individuals. The inaccessibility of Defendants' Restaurant has caused Plaintiff undue burden and hardship. Alterations to Defendants' Restaurant are readily achievable. At the time of the commencement of this action, the Defendants' Restaurant lacked complete compliance with the ADA.

34. Within ninety (90) days from the service of the Complaint, Plaintiff will revisit the Restaurant to ensure compliance with the ADA and 28 C.F.R. § 36.302(e) and will use the Restaurant and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, amenities, and accommodations at the Restaurant, provided the barriers have been removed.

35. Plaintiff is continuously aware that the subject Restaurant remains non-compliant and that it would be a futile gesture to revisit the Restaurant as long as those violations exist unless she is willing to suffer additional discrimination.

36. Once Defendant complies with the ADA, Plaintiff will be able to enjoy the accommodations that suits her needs in the same manner as able bodied individuals, which is the purpose of the ADA.

37. The violations present at the Defendants' Restaurant infringe upon Plaintiff's right to travel free from discrimination.

38. Plaintiff continues to desire to patronize the Defendants' Restaurant, but is unable to do so until the barriers are removed, thus will continue to suffer irreparable injury from the Defendants' intentional acts, policies, and practices set forth herein unless enjoined by this Honorable Court.

39. Plaintiff has suffered and continues to suffer frustration and humiliation as the result of the discriminatory conditions at the Defendants' Restaurant.  By continuing to operate a Restaurant with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation, and deprives the Plaintiff of full and equal enjoyment of the goods, services, facilities, privileges and accommodations available to the general public.  By encountering the discriminatory conditions at Defendants' Restaurant, and knowing it would be futile to return to the Restaurant unless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services, amenities, and benefits readily available to the general public.

40. By maintaining a Restaurant with ADA violations, Defendants deprive Plaintiff of the equality of opportunity offered to the general public.

41. The Defendants' Restaurant did not offer adequate amenities to permit a disabled person such as Plaintiff with mobility impairments to use and navigate the Restaurant in an effective manner as set out above.

42. When Restaurants impose barriers like Defendants', mobility impaired users, such as Plaintiff, are excluded from the content and services available.

43. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of Defendants' discrimination until the Defendant is compelled to modify its Restaurant to comply with the requirements of the ADA and to continually monitor and ensure that the subject Restaurant remain in compliance.

44. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the Restaurant and has reasonable grounds to believe she will continue to be subjected to discrimination in violation of the ADA by the Defendants.

45. Because of Defendants' denial of full and equal access to, enjoyment of, and communication with, its goods, services, facilities, privileges, advantages, and accommodations, Plaintiff and others similarly situated has suffered, and continues to suffer, an injury in fact, which is concrete and particularized, present, actual and a direct result of Defendants' conduct or omission.

46. The Defendants' have discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, amenities, advantages and accommodations of the Restaurant.

47. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

48. Defendants have discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, amenities, advantages and accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181, et seq., and 28 C.F.R. § 36.302(e). Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford all offered goods, services, privileges, facilities, amenities, advantages and accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

49. Because Plaintiff has no contractual relationship with the Defendants and because she is not entitled to damages from Defendants, Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff and others will continue to suffer irreparable injury from Defendants' intentional acts, policies, and practices set forth herein unless enjoined by the court. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for and injunctive relief is the only means to secure adequate redress from the Defendants' unlawful and discriminatory practices.

50. As a result of the inaccessibility of the Defendants' Restaurant and by the barriers to access its Restaurant, the Defendants have denied individuals with disabilities who are mobility impaired full and equal enjoyment of the information and services that the Defendants have made available to the general public in its Restaurant in derogation of 42 U.S.C. sec. 12101 *et seq.*, and as prohibited by 42 U.S.C. sec. 12182 *et. seq*.

51. The Defendant has violated the ADA (and continues to do so) by denying access to its Restaurant to individuals with disabilities who are mobility impaired. These violations within the Restaurant are ongoing, and removal of the barriers are readily achievable.

52. Defendants use standards, criteria or methods of administration that have a chilling effect, discriminatory effect, or perpetration of discrimination on the Plaintiff and a protected class of citizens.

53. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's request for injunctive relief, including an order to require the Defendants to alter the subject Restaurant to make it readily accessible and useable to the Plaintiff and all those other persons with disabilities as defined by the ADA and 28 C.F.R. § 36.302(e); or by closing the Restaurant until such time as the Defendants cure its violations of the ADA.

54. As a result of the Defendants' inadequate development and administration of the Restaurant, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. sec. 12133 to remedy the discrimination.

55. Pre-suit notice to the Defendants of the Defendants' violations of ADA is not required pursuant to the ADA.

56. Any and all conditions precedent to the action have been fulfilled, performed, or waived; specifically, on or before January 30, 2020, the undersigned performed a diligent search of online public records, and according to those records, the Defendants have not registered for remediation nor have been sued for violations described herein.

57. Pursuant to 42 U.S.C. sec. 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to:

   a. Require Defendants to remove all readily achievable barriers to comply with the ADA, and

   b. Require Defendants to cease and desist discriminatory practices and if necessary to cease and desist operations of the Restaurant until the requisite modifications are made such that its Restaurant becomes equally accessible to persons with disabilities.

WHEREFORE Plaintiff demands judgment against Defendants and requests the following injunctive relief:

a) The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendants from operating its Restaurant without adequate accommodation for the mobility impaired;

b) The Court enter an Order requiring Defendants to update its Restaurant to remove barriers in order that the individuals with mobility disabilities can access the Restaurant and facilities to the full extent required by the Title III if the ADA;

c) The Court enter an Order requiring Defendants to clearly display the universal disabled logo within its Restaurant, wherein the logo would lead to ADA compliant amenities which would state Defendants' accessibility information, facts, policies, and accommodations. Such a clear display of the disabled logo is to ensure that individuals who are disabled are aware of the availability of the accessible features of Restaurant;

d) The Court enter an Order requiring Defendants to provide ongoing support for ADA accessibility by implementing an ADA accessibility policy, and providing for ADA accessibility feedback to ensure compliance thereto;

e) The Court enter an Order directing Defendants to evaluate its policies, practices, and procedures toward persons with disabilities, for such reasonable time so as to allow the defendants to undertake and complete corrective procedures to the Restaurant;

f) The Court award reasonable attorney's fees, all costs, (including but not limited to court costs and expert fees), and other expenses of suit, to the Plaintiff; and

g) That the Court award such other and further relief as it deems necessary, just and proper.

Dated: January 30, 2020.

Respectfully submitted,
McDONALD & MINCE, PLLC

__/s/ Melissa Gilkey Mince_____
Melissa GilkeyMince, Esq. / FBN: 546230
Email: mmince@mcdonaldandmincelaw.com
Tel: 727-488-1988
801 West Bay Drive, Suite 113
Largo, Florida 33770
Layla K. McDonald, Esq., FBN 11308
Secondary Email: eserve@mcdonaldandmincelaw.com